## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BROOK PLAISANCE, ET AL.** | **CIV. ACTION NO. 3:21-CV-00121** |
| **VERSUS** | **JUDGE BRIAN A. JACKSON** |
| **STATE OF LOUISIANA, ET AL.** | **MAG. JUDGE ERIN WILDER-DOOMES** |

### THE STATE OF LOUISIANA'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12

Now into Court comes Defendant, the State of Louisiana, which respectfully submits this Motion to Dismiss all claims by Plaintiffs, Brook Plaisance, Frederick Bass, Amanda Coleman, Stephen Strick, and William Grieshaber made against the State of Louisiana in Plaintiffs' Original Complaint filed on February 25, 2021.

### Fed. R. Civ. P. 12(b)(1)

1.

A case will be dismissed under Fed. R. Civ. P. 12(b)(1) if the Court lacks authority to hear and decide the dispute.[1]

2.

This Court lacks subject matter jurisdiction to adjudicate Plaintiffs' claims against the State of Louisiana as party defendant because the State of Louisiana enjoys sovereign immunity from Plaintiffs' claims.

---

[1] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 203 U.S. 283, 58 S.Ct. 586 (1938).

1

3.

The Eleventh Amendment to the United States Constitution states that:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

4.

The Eleventh Amendment's prohibitions extend to suits against the State by the State's own citizens.[2]

5.

The State of Louisiana has not waived its sovereign immunity, nor has Congress waived the State's sovereign immunity for Plaintiffs' claims herein, which they bring pursuant to 42 U.S.C. § 1983.[3]

6.

Accordingly, this Court lacks subject matter jurisdiction over Plaintiffs' claims against the State of Louisiana as party-defendant, and Plaintiffs' claims against the State of Louisiana should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

**Fed. R. Civ. P. 12(b)(6)**

7.

Notwithstanding the Court's lack of subject matter jurisdiction over Plaintiffs' claims against the State of Louisiana, Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

---

[2] *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).
[3] La. R.S. 13:5106(A); *Quern v. Jordan*, 440 U.S. 332; 99 S.Ct. 1139, 1141 (1979).

8.

Rule 8 of the Federal Rules of Civil Procedure requires that Plaintiffs' claims present a "short and plain statement" of the Court's jurisdiction and "of the claim showing that the pleader is entitled to relief."

9.

Plaintiffs bring their claims against Defendants pursuant to 42 U.S.C. § 1983, which applies only to claims against "**person** who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." (emphasis added).

10.

It is well-settled that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71; 109 S.Ct. 2304, 2309, 2312 (1989).

11.

Because the State is not a "person" within the meaning of Section 1983, Plaintiffs' Complaint fails to state a claim for relief against the State and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

12.

Plaintiffs' Complaint is also largely devoid of allegations specific to the State of Louisiana, separate and apart from the other Defendants. Although the Complaint contains numerous allegations against a state agency and its related officials, the Complaint contains virtually no allegations of wrongdoing by the State, itself.

13.

Because the Complaint lacks sufficient allegations showing that the State, independent of the other defendants, harmed Plaintiffs and/or deprived them of any rights, Plaintiffs' Complaint also fails to state a claim for relief on that basis, and should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on that basis as well.

14.

Defendant attaches hereto a Memorandum in Support of the instant Motion to Dismiss and incorporates herein by reference all arguments made therein.

**WHEREFORE,** Defendant, the State of Louisiana, prays that the instant Motion be GRANTED and that Plaintiffs' claims against the State of Louisiana be dismissed: (1) for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); and/or (2) for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

    Respectfully submitted:

    JEFF LANDRY,
    ATTORNEY GENERAL


    By:
       */s/ C. Austin Holliday*
    Angelique Duhon Freel (La. Bar Roll No. 28561)
    C. Austin Holliday (La. Bar Roll No. 33893)
    Assistant Attorneys General
    **Louisiana Department of Justice**
    1885 North 3rd Street
    P. O. Box 94005
    Baton Rouge, Louisiana 70804-9005
    Telephone:  (225) 326-6000
    Fax:  (225) 326-6297
    Email:    freela@ag.louisiana.gov
               hollidayca@ag.louisiana.gov

    **Counsel for Defendant, the State of Louisiana**

**CERTIFICATE OF SERVICE**

I do hereby certify that, on this 5th day of March 2021, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system which gives notice of filing to all counsel of record. Counsel of record not registered in the CM/ECF systems were served via other means.

The following parties were served via the CM/ECF electronic system:

Plaintiffs, Brook Plaisance, Frederick Bass, Amanda Coleman, Stephen Strick, and William Grieshaber.

The following parties were served via e-mail and U.S. Mail, postage prepaid:

Defendant, Louisiana Workforce Commission;
Defendant, Ava Dejoie, in her official capacity as Secretary of the Louisiana Workforce Commission; and,
Defendant, John Bel Edwards, in his official capacity as chief executive officer of the State of Louisiana

Baton Rouge, Louisiana this 5th day of March, 2021.

/s/ C. Austin Holliday
C. Austin Holliday