UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BROOK PLAISANCE, ET AL.** | **CIV. ACTION NO. 3:21-CV-00121** |
| **VERSUS** | **JUDGE BRIAN A. JACKSON** |
| **STATE OF LOUISIANA, ET AL.** | **MAG. JUDGE ERIN WILDER-DOOMES** |

**THE STATE OF LOUISIANA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12**

**MAY IT PLEASE THE COURT:**

Defendant, the State of Louisiana, respectfully submits this Memorandum in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12. As discussed in detail below, Plaintiffs' claims against the State of Louisiana must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the Court lacks subject matter jurisdiction over Plaintiffs' claims against the State of Louisiana based on the State's sovereign immunity preserved by the Eleventh Amendment to the United States Constitution. Furthermore, Plaintiffs' claims against the State are ripe for dismissal under Fed. R. Civ. P. 12(b)(6) because the allegations of the Complaint fail to disclose a cause of action against the State.

**BACKGROUND AND SUMMARY OF ARGUMENT**

Plaintiffs assert claims for injunctive relief and damages against various defendants, including the State of Louisiana, arising from the alleged failure to timely pay and/or determine eligibility for Plaintiffs' claims for unemployment benefits under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. Plaintiffs invoke the Court's jurisdiction under 28 U.S.C. § 1331 and bring claims against Defendants under 42 U.S.C. § 1983, asserting theories of liability

1

under the Due Process clause of the Fourteenth Amendment, the Takings Clause of the Fifth Amendment, and Section 303(a)(1) of the Social Security Act.

Plaintiffs' claims against the State of Louisiana, itself, must be dismissed for lack of subject matter jurisdiction. It is well-settled that the Eleventh Amendment to the United States Constitution preserves states' sovereign immunity from suits in federal court. The only way Plaintiffs can pursue their claims against the State, directly, is if either the State or Congress has waived such immunity. The State of Louisiana has not waived its sovereign immunity, and it has in fact preserved such immunity through statute.[1] It is also well-settled that Congress, in passing 42 U.S.C. § 1983, did not waive states' sovereign immunity.[2] Accordingly, this Court lacks subject matter jurisdiction over Plaintiffs' claims made directly against the State of Louisiana.

Even if the Court had subject matter jurisdiction, Plaintiffs' Complaint nevertheless fails to state a claim for relief against the State. For one, 42 U.S.C. § 1983 applies only to claims against "persons," and the State is not a "person" for purposes of Section 1983. Further, the Complaint is largely devoid of allegations against the State *itself*. Rather, Plaintiffs' claims focus almost exclusively on the alleged actions and inactions of the Louisiana Workforce Commission ("Commission") and related officials, who are also defendants herein. The handful of allegations made directly against the State are conclusory and fail to allege specific facts tying the State, independently, to any purported deprivations of Plaintiffs' rights. Accordingly, the Complaint fails to state a claim for relief against the State, itself, separately from the other Defendants herein.

---

[1] La. R.S. 13:5106(A).
[2] *Quern v. Jordan*, 440 U.S. 332; 99 S.Ct. 1139, 1141 (1979).

## ANALYSIS

I. **The Court Lacks Subject Matter Jurisdiction over Plaintiffs' Claims Against the State of Louisiana.**

    a. **Legal Standards Applicable to Rule 12(b)(1) Motions.**

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). "Eleventh Amendment immunity represents a real limitation on a federal court's federal-question jurisdiction." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270, 117 S.Ct. 2028, 2034 (1997). Therefore, sovereign immunity is an issue properly brought in a motion under Fed. R. Civ. P. 12(b)(1).

The standard of review applicable to motions to dismiss under Rule 12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6), except that the Rule 12(b)(1) standard "permits the court to consider a broader range of materials" in considering its subject matter jurisdiction over the cause(s) in the suit. *Williams v. Wynne,* 533 F.3d 360, 365 n. 2 (5th Cir. 2008)) (*citing Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir.1986) (stating that a court may dismiss for lack of subject matter jurisdiction based on either "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.")).

Rule 8 of the Federal Rules of Civil Procedure requires a pleading contain "a short and plain statement" of the Court's jurisdiction and "of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(A)(1), (A)(2). To satisfy Rule 8, the plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the

complaint are true (even if doubtful in fact). . . ." *Id.* at 555 (citing 5C. Wright & Miller, Federal Practice and Procedure, § 1216, pp. 235-236 (3d. ed. 2004)).  Conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (quoting *Taylor v. Books A Million*, 296 F.3d 376, 378 (5th Cir. 2002).)

> As the Court held in *Twombly,* the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Twombly* 550 U.S. 544, 127 S.Ct. 1955) (additional internal citations omitted).

Similarly, if the plaintiff conclusively avers jurisdiction but the pleaded facts show jurisdiction is absent, the case must be dismissed. *Gibbs v. Buck*, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939) and *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir.1990). "A patently insubstantial complaint may be dismissed, for example, for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) . . . [F]ederal courts lack power to entertain claims that are so attenuated and unsubstantial as to be absolutely devoid of merit. . . ." *Neitzke v. Williams*, 490 U.S. 319, 327 n. 6, 109 S.Ct. 1827, 1832 n.2, 104 L. Ed. 2d 338 (1989) (internal quotations and citations omitted).

### b. The State of Louisiana Enjoys Sovereign Immunity from all of Plaintiffs' Claims.

The concept of sovereign immunity, as enshrined by the Eleventh Amendment to the United States Constitution, "is the privilege of the sovereign not to be sued without its consent."

*Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253; 131 S.Ct. 1632, 1637; 179 L.Ed.2d 675 (2011). Specifically, the Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Eleventh Amendment's prohibitions on suits against States extends to claims made by a citizen against its own state. *See, e.g., Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Thus, the Eleventh Amendment applies to the claims herein, which are asserted by current and former Louisiana citizens against the State of Louisiana.[3]

The Eleventh Amendment thus bars Plaintiffs' claims directly against the State of Louisiana unless the State has waived its immunity or Congress has exercised its power to override such immunity. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58; 109 S.Ct. 2304, 2309; 105 L.Ed.2d 45 (1989). Louisiana has not waived its sovereign immunity from suit in federal court, and in fact has preserved such immunity via statute. Louisiana Revised Statutes Section 13:5106(A) unequivocally states: "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." Accordingly, this Court and others have concluded that the State of Louisiana has not waived its sovereign immunity from suits in federal court. *Johnson-Blount v. Bd. of Sup'rs for S. Univ.*, 994 F.Supp.2d 780, 783 (M.D. La.2014) (Although "Louisiana may have waived state sovereign immunity in some cases tried in state court, it has not waived immunity such that it can be sued in federal court. To the contrary, Louisiana explicitly maintains its sovereign immunity by statute."); and, *Citrano v. Allen Correctional Center*, 891 F.Supp. 312, 320 (W.D. La. 1995) ("The State of Louisiana has waived

---

[3] Doc. 1, Complaint, at ¶¶ 4–8.

5

sovereign immunity in tort contract suits but it has not waived its immunity under the Eleventh Amendment from suit in federal court.").

Because the State has not waived sovereign immunity, Plaintiffs may only pursue their claims directly against the State if Congress has waived the State's sovereign immunity. Congress has not done so. Plaintiffs bring their claims against the State pursuant to 42 U.S.C. § 1983.[4] The Supreme Court has held that Section "1983 does not abrogate the Eleventh Amendment immunity of the States." *Quern v. Jordan*, 440 U.S. 332; 99 S.Ct. 1139, 1141 (1979); *see also*, *Lewis v. Univ. of Texas Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (dismissing claims under 42 U.S.C. § 1983 and observing that Congress has not "expressly waived sovereign immunity for § 1983 suits."). Although "Section 1983 provides a federal forum to remedy many deprivations of civil liberties . . . it does not provide a federal form for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will*, 491 U.S. at 67, 109 S. Ct. at 2309.

In this case, Plaintiffs filed suit directly against the State of Louisiana, in addition to various agencies and/or State officials. The Eleventh Amendment preserves the right of the State, itself, to assert its sovereign immunity from suit in federal court. The State has not waived its sovereign immunity, and Congress has not waived the State's sovereign immunity from Plaintiffs' claims herein. Accordingly, the Court lacks subject matter jurisdiction, and Plaintiffs' claims against the State of Louisiana, as a party-defendant, should be dismissed.

**II.** **Plaintiffs Fail to State a Claim for Relief Against the State of Louisiana.**

Notwithstanding that the Court lacks subject matter jurisdiction over Plaintiffs' claims against the State of Louisiana, Plaintiffs' allegations fail to state a claim for relief under 42 U.S.C. § 1983 against the State.

---

[4] Doc. 1, Complaint, at ¶ 2 ("Jurisdiction is invoked under 42 U.S.C. section 1983") and ¶ 13 ("Defendant State of Louisiana is sued as a proper Defendant in an action for damages pursuant to 42 United States Code Section 1983").

6

### A. Legal Standards Applicable to Motions Under Rule 12(b)(6)

As discussed in Part I(A), *supra*, which the State incorporates herein by reference, the Federal Rules of Civil Procedure and Supreme Court jurisprudence require that Plaintiffs plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Pleading conclusory facts and/or allegations amounting to little more than mere speculation are insufficient. *See United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (quoting *Taylor v. Books A Million*, 296 F.3d 376, 378 (5th Cir. 2002).) Where, as here, the Complaint fails plead a claim for relief against a Defendant, the Plaintiffs' claims fail to state a claim for relief and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### B. The Complaint Fails to State a Claim for Relief Directly Against the State.

Plaintiffs assert their claims against the State pursuant to 42 U.S.C. § 1983, which applies only to a "**person** who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." (emphasis added). The Fifth Circuit has recognized that, to state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a **person** acting under color of state law." *Randolph v. Cervantes*, 130 F.3d 727, 730 (5th Cir.1997) (emphasis added). It is well-settled that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71; 109 S.Ct. at 2312. Plaintiffs' Complaint therefore fails to state a claim for relief against the State under Section 1983 because the State is not a "person" and therefore cannot be held liable under the statute.

7

Moreover, Plaintiffs fail to allege facts showing that the State, independently of other defendants, acted to deprive Plaintiffs of any rights secured by the Constitution or laws of the United States. The Complaint's first reference to the State of Louisiana, alone, consists of a single, incorrect, and conclusory statement that the State "is sued as a proper Defendant in an action for damages pursuant to 42 United States Code Section 1983."[5] Later, Plaintiffs generally allege that the "State of Louisiana" received certain CARES Act funds, that the State was required to "process claims immediately," and that the State was required to further notify applicants of the status of their benefits applications.[6] However, the specific factual allegations surrounding such claims all relate to actions or inactions purportedly made by the Commission and not the State itself. Although Plaintiffs allege the State received CARES Act funds, they allege "the Commission continues to withhold benefits, failing or refusing to disburse funds to eligible claimants,"[7] and that it was the Commission, itself, which "failed to provide any meaningful recourse for claimants."[8] Plaintiffs similarly allege that "[t]he Commission has withheld benefits from Plaintiffs in multiple contexts."[9] The proceeding paragraphs allege several acts or inactions by the Commission, which Plaintiffs claim entitle them to relief, but which are not tied directly to the State.[10]

The Complaint also contains a lengthy recitation of specific facts and allegations pertaining to the claims of each of the purported class representatives. These allegations, appearing at Paragraphs 59–119 of the Complaint, uniformly focus on the individual Plaintiffs' interactions with the Commission and/or the Commission's alleged shortcomings in processing their benefits

---

[5] Doc. 1, Complaint, at ¶13.
[6] *Id.* at ¶¶39–40 and 44.
[7] *Id.* at ¶45.
[8] *Id.* at ¶46.
[9] *Id.* at ¶47.
[10] *See Id.* at ¶¶49–58.

8

claims.[11] Nowhere in these 60 paragraphs do Plaintiffs allege that the State, itself, harmed Plaintiffs. Rather, the allegations squarely focus on the actions or inactions of the Commission.

Plaintiffs' specific allegations detailing their theories of recovery under the Fourteenth Amendment, Fifteenth Amendment, and Social Security Act also fail to disclose any meaningful allegations against the State independent of the acts of other defendants. Paragraphs 120–29 detail Plaintiffs' procedural due process claims under the Fourteenth Amendment. None of these paragraphs specifically refer to the State. Paragraphs 130–37 detail Plaintiffs' Fifth Amendment takings claims, wherein Plaintiffs generally allege that "The State of Louisiana is responsible for payment of monies to claimants. The State of Louisiana has also appropriated funds for payment to eligible claimants."[12] These conclusory allegations, alone, are insufficient to meet Rule 8 pleading standards. Further, in Paragraph 136, Plaintiffs once again specifically tie their Fifth Amendment claims to other defendants, without reference to the State directly: "The policies practices, and/or procedures exercised by the Commission, as sanctioned, permitted, and/or implemented by Secretary Dejoie and/or Governor Edwards, were the moving force behind the violation of Plaintiffs' legal rights."[13] It is clear that, to the extent Plaintiffs can pursue these claims, they are truly asserted against other defendants and not the State, itself.

Plaintiffs' claims against the State under the Social Security Act are similarly deficient. Plaintiffs allege that "the Commission has had ample opportunity to increase and train its staff;

---

[11] *See Id.* at ¶¶59–67 (detailing Plaintiff, Brook Plaisance's claims for benefits and various interactions with the Commission); ¶¶68–82 (discussing Plaintiff, Fredrick Bass', receipt of benefits, purported misclassification, and non-receipt of benefits, and various interactions with the Commission); ¶¶83–96 (detailing Plaintiff, Amanda Coleman's, efforts to obtain unemployment benefits, backpayments, and her appeal of a Commission decision); ¶¶97–107 (detailing benefits received by Plaintiff, Stephen Strick, Mr. Strick's non-receipt of backpay, and the Commission's disqualification of Mr. Strick from certain benefits); and 108–19 (detailing Plaintiff, William Grieshaber's, various interactions with the Commission concerning alleged overpayments of benefits, ineligibility for benefits, and the Commission's alleged failure to notify Mr. Grieshaber of the status of benefits determinations).
[12] *Id.* at ¶133.
[13] *Id.* at ¶136

9

update its computer systems; and process claims."[14] Plaintiffs further allege "[t]he Commission has failed to make full payment of unemployment compensation due to Plaintiffs; neither Governor Edwards nor Secretary Dejoie, . . . has taken the necessary action to rectify the severe deficiencies within the Commission."[15] Although Plaintiffs contend that the "State of Louisiana has failed to issue benefits determinations with 'the greatest promptness that is administratively feasible;' has failed to process appeals timely; and has frustrated the spirit and purpose of both the CARES Act and the Social Security Act's provisions," Plaintiffs' specific factual allegations of wrongdoing relate to the actions or inactions of the Commission, not the State independently.[16]

Plaintiffs' complaint suggests they sued the State directly because they incorrectly believe the State to be "a proper Defendant in an action for damages pursuant to 42 United States Code Section 1983." As shown above, the Complaint is largely devoid of allegations directly against the State itself. Indeed, Plaintiffs' claims almost exclusively focus on the purported actions and inactions of other defendants. Under these circumstances, it is clear that Plaintiffs truly seek to assert claims against the Commission and that the decision to sue the State, itself, was merely an afterthought. Notwithstanding that the State enjoys sovereign immunity from Plaintiffs' claims and that the State is not a "person" for purposes of claims under 42 U.S.C. § 1983, Plaintiffs' limited allegations against the State fail to state a claim for relief for deprivations of any purported rights.

## **CONCLUSION**

This Court lacks subject matter jurisdiction over Plaintiffs' claims against the State of Louisiana because the Eleventh Amendment grants the State sovereign immunity from citizen suits

---

[14] *Id.* at ¶138.
[15] Doc. 1, Complaint, ¶ 139.
[16] Doc. 1, Complaint, ¶ 144.

in federal court. The State has not waived its sovereign immunity, and Congress has not likewise abrogated the State's sovereign immunity for Plaintiffs' claims herein. The State of Louisiana therefore respectfully asks that its Rule 12(b)(1) Motion to Dismiss be granted, and that Plaintiffs' claims against the State of Louisiana be dismissed. Plaintiffs claims also fail to state a claim for relief because the State is not a "person" within the meaning of 42 U.S.C. § 1983 and the Complaint also fails to allege specific facts showing that the State, independent of the other defendants against whom Plaintiffs' allegations are principally directed, deprived Plaintiffs of any rights. Plaintiffs' claims against the State must therefore also be dismissed on that basis.

Respectfully submitted:

JEFF LANDRY,
ATTORNEY GENERAL

By:
　_/s/ C. Austin Holliday_
Angelique Duhon Freel (La. Bar Roll No. 28561)
C. Austin Holliday (La. Bar Roll No. 33893)
Assistant Attorneys General
**Louisiana Department of Justice**
1885 North 3rd Street
P. O. Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone:  (225) 326-6000
Fax:  (225) 326-6297
Email:    freela@ag.louisiana.gov
          hollidayca@ag.louisiana.gov

**Counsel for Defendant, the State of Louisiana**

**CERTIFICATE OF SERVICE**

I do hereby certify that, on this 5th day of March 2021, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system which gives notice of filing to all counsel of record. Counsel of record not registered in the CM/ECF systems were served via other means.

The following parties were served via the CM/ECF electronic system:

Plaintiffs, Brook Plaisance, Frederick Bass, Amanda Coleman, Stephen Strick, and William Grieshaber.

The following parties were served via e-mail and U.S. Mail, postage prepaid:

Defendant, Louisiana Workforce Commission;
Defendant, Ava Dejoie, in her official capacity as Secretary of the Louisiana Workforce Commission; and,
Defendant, John Bel Edwards, in his official capacity as chief executive officer of the State of Louisiana

Baton Rouge, Louisiana this 5th day of March, 2021.

/s/ C. Austin Holliday
C. Austin Holliday