IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

BROOK PLAISANCE,
FREDRICK BASS,
AMANDA COLEMAN,
STEPHEN STRICK,
AND WILLIAM GRIESHABER,
 on behalf of themselves and all others
similarly situated,

        PLAINTIFFS,

V.                                 CIVIL ACTION NO. 21-121-BAJ-EWD

STATE OF LOUISIANA;
LOUISIANA WORKFORCE COMMISSION;
AVA DEJOIE, in her official capacity as Secretary
of the Louisiana Workforce Commission; and
JOHN BEL EDWARDS, in his official capacity
as chief executive officer of the State of Louisiana,
        DEFENDANTS.

<u>PLAINTIFFS, BROOKE PLAISANCE;
FREDRICK BASS; AMANDA COLEMAN;
STEPHEN STRICK; AND WILLIAM GRIESHABER'S,
MEMORANDUM IN SUPPORT OF MOTION FOR IMMEDIATE
TEMPORARY INJUNCTION WITHOUT HEARING,
AND INJUNCTION AFTER HEARING, ON BEHALF OF THEMSELVES AND
ALL OTHERS SIMILARLY SITUATED</u>

Plaintiffs, Brooke Plaisance; Fredrick Bass; Amanda Coleman; Stephen Strick; and William Grieshaber, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), for the reasons more fully set forth in the

attached Memorandum, move this Court for entrance of an immediate temporary restraining order, without notice, and further, after hearing and in due course, that this Court enter a preliminary and permanent injunction, and respectfully show as follows.

1. Plaintiffs request issuance of an immediate injunction, ordering Defendants to refrain from any further delays in processing benefits determinations as to claims pending for more than thirty (30) days prior to entrance of injunction; any further delays in processing appeals pending for more than thirty (30) days prior to entrance of the temporary injunction; any further delays in rectifying incorrect classification(s) of claims, including incorrect overpayment designations; any further delays in payment of compensation due to a claimant as of any date more than thirty (30) days prior to entrance of the temporary injunction; and further, that in conjunction therewith, Defendants provide to this Court, within ten (10) days of entrance of said injunction, the following information:

    a. Identification of all claims on file with the Louisiana Workforce Commission, as to which benefits are due as of any date thirty (30) days or more prior to the date of entrance of a temporary injunction, for which funds have not yet been released;

    b. Identification of all claims on file with the Louisiana Workforce Commission, for which a final benefits determination has not been made, as to any

claim(s) submitted more than thirty (30) days prior to the date of issuance of the temporary injunction;

 c. Identification of all claims on file with the Louisiana Workforce Commission, for which a claimant has received an adverse determination, but has been prevented from appealing due to any error in the Commission's system of administration, as to any claim(s) submitted since March 13, 2020;

 d. Identification of all claims on file with the Lousiana Workforce Commission, as to which an overpayment determination has been made by the Commission, at any time since November 1, 2020, on the basis of a claimant's ineligibility for PUA benefits;

 e. Identification of all claims on file with the Lousiana Workforce Commission, as to which an overpayment determination has been made since November 1, 2020, on the basis of a claimant's ineligibility for regular unemployment benefits.

2. Plaintiffs further request that Defendants be served with citation and notice of said temporary injunction, and that, after hearing, Plaintiffs' request for injunctive relief be granted, and an injunction issue, and Defendants be enjoined from any further delays in in processing claims and appeals;

3.  Plaintiffs further pray for any and all relief to which they may be entitled, under law or in equity.

>Respectfully submitted,
>
>_____
>Ellyn J. Clevenger (Bar Roll No. 32395)
>Wendy Manard (Bar Roll No. 29622)
>1100 Poydras Street
>Suite 2610
>New Orleans, Louisiana 70163
>504.585.7777
>wendy@wmanard.com
>ellyn@wmanard.com
>ATTORNEYS FOR PLAINTIFFS

<u>Certification of Attorney: Local Civil Rule 65</u>

On this 8th Day of March, 2021, undersigned counsel, Ellyn J. Clevenger, represents to this Court that, given the facts set forth in the request for a Temporary Restraining Order; the affidavits filed in conjunction with the Plaintiffs' Original Complaint in this matter, on February 25, 2021; and the immediate and irreparable harm that Plaintiffs continue to suffer, notice to all Defendants, prior to entrance of a Temporary Restraining Order, should not be required.  Further, undersigned counsel certifies that she has transmitted notice of the foregoing pleading, and request for a temporary restraining order, to counsel of record for the State of Louisiana, in addition to counsel appearing at the telephone status conference held before the Court on March 2, 2021, on behalf of other Defendants, but not yet enrolled, by email transmission at the time of filing, to-wit:

Angelique Duhon Freel
C. Austin Holliday
Assistant Attorneys General
Louisiana Department of Justice
1885 North Third Street
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005
freela@ag.louisiana.gov
hollidayca@ag.lousiana.gov
Counsel for Defendant, State of Louisiana

Matthew Block
Tina Vanichchagorn
John Walsh
Executive Counsel, Office of the Governor
Louisiana Capitol Building
900 North 3rd Street
Baton Rouge, Louisiana 70802
matthew.block@la.gov
john.walsh@la.gov
tina.vanichchagorn@la.gov

Rachel Dunaway
Assistant Attorney General
Lousiana Department of Justice
1885 North 3rd Street
Fourth Floor
Baton Rouge, Louisiana 70802
dunawayr@ag.louisiana.gov

Meridith Trahant
Louisiana Workforce Commission
1001 North 23rd Street
Baton Rouge, Louisiana 70802
mtrahant@lwc.la.gov


_____
Ellyn J. Clevenger