IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

BROOK PLAISANCE,
FREDRICK BASS,
AMANDA COLEMAN,
STEPHEN STRICK,
AND WILLIAM GRIESHABER,
 on behalf of themselves and all others
similarly situated,

        PLAINTIFFS,

V.                              CIVIL ACTION NO. 21-121-BAJ-EWD

STATE OF LOUISIANA;
LOUISIANA WORKFORCE COMMISSION;
AVA DEJOIE, in her official capacity as Secretary
of the Louisiana Workforce Commission; and
JOHN BEL EDWARDS, in his official capacity
as chief executive officer of the State of Louisiana,
        DEFENDANTS.

## TEMPORARY RESTRAINING ORDER

Plaintiff's Original Complaint, Request for Temporary Injunction Without Hearing, and Injunction After Hearing, verified by all Plaintiffs, having been considered, and the Court being of the opinion that specific facts stated therein show that immediate and irreparable injury, loss or damage will result to the Plaintiffs, in the form of continued denial of unemployment compensation due to

the Plaintiffs, or in the form of continued denial of procedural due process, before Defendants can be heard in opposition:

IT IS ORDERED that a Temporary Restraining Order issue, as follows:

Defendant, Louisiana Workforce Commission, is ordered to:

1. Refrain from any further delays in processing benefits determinations as to claims pending for more than thirty (30) days prior to entrance of this Temporary Restraining Order;

2. Refrain from any further delays in processing appeals pending for more than thirty (30) days prior to entrance of this Temporary Restraining Order;

3. Refrain any further delays in rectifying incorrect classification(s) of claims, including incorrect overpayment designations;

4. Refrain from any further delays in payment of compensation due to a claimant as of any date more than thirty (30) days prior to entrance of this Temporary Restraining Order.

IT IS FURTHER ORDERED that in conjunction therewith, Defendant, Louisiana Workforce Commission, provide to this Court, within ten (10) days of entrance of said injunction, the following information:

1. Identification of all claims on file with the Louisiana Workforce Commission, as to which benefits are due as of any date thirty (30) days or more prior to the date of entrance of a temporary injunction, for which funds have not yet been released;

2. Identification of all claims on file with the Louisiana Workforce Commission, for which a final benefits determination has not been made, as to any claim(s) submitted more than thirty (30) days prior to the date of issuance of the temporary injunction;

2. Identification of all claims on file with the Louisiana Workforce Commission, for which a claimant has received an adverse determination, but has been prevented from appealing due to any error in the Commission's system of administration, as to any claim(s) submitted since March 13, 2020;

3. Identification of all claims on file with the Lousiana Workforce Commission, as to which an overpayment determination has been made by the Commission, at any time since November 1, 2020, on the basis of a claimant's ineligibility for PUA benefits or unemployment compensation paid to any such claimant for the period of March 13, 2020 through December 31, 2020;

4. Identification of all claims on file with the Lousiana Workforce Commission, as to which an overpayment determination has been made since November 1, 2020, on the basis of a claimant's ineligibility for regular unemployment benefits.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall expire on the _____ Day of _____; and that this matter shall be, and hereby is, set for hearing of Plaintiffs' request for entrance of a preliminary injunction, on the _____ Day of _____, 2021, at _____ _.m.

DONE AND SIGNED at _____ _.m., this _____Day of _____, 2021.

_____
HONORABLE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT JUDGE