UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BROOK PLAISANCE, ET AL.**                                  **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**                               **NO. 21-00121-BAJ-EWD**

## ORDER

Before the Court is Plaintiffs' Motion For Immediate Temporary Injunction Without Hearing, And Injunction After Hearing (Doc. 11), seeking, in sum, an order compelling the Louisiana Workforce Commission (the "Commission") to immediately expedite its processing of claims for Pandemic Unemployment Assistance under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020) ("CARES Act"). Due to the nature of Plaintiffs' request for immediate relief, the Commission and the remaining Defendants have not had an opportunity to respond to Plaintiffs' Motion. Upon review, and based on the specific nature of the injunctive relief Plaintiffs seek, the Court determines that Plaintiffs cannot meet the exceptionally high bar required for issuance of a temporary restraining order ("TRO"). Instead, the Court will consider Plaintiffs' request for a preliminary injunction on an expedited basis, allowing for briefing and an evidentiary hearing on the merits of Plaintiffs' request.

**I.   RELEVANT BACKGROUND**

In March 2020, Congress passed the CARES Act in response to the COVID-19 pandemic. Section 9021 of the CARES Act created a new temporary federal program

1

called Pandemic Unemployment Assistance ("PUA"), which generally provides up to 39 weeks of unemployment benefits to certain individuals who lost work or are unable to work due to a variety of complications stemming from the COVID-19 public health emergency. *See* 15 U.S.C. § 9021. The CARES Act provides that payments to those eligible under this section shall be made "without any waiting period." 15 U.S.C. § 9021(e).

Over the last year, the Commission has experienced well-documented delays in the administration of PUA benefits. On February 25, 2021, Plaintiffs filed a putative class action complaint alleging that they are among those Louisianans whose PUA benefits have been delayed (or not paid at all), and further alleging that these delays have resulted in violations of procedural due process, unconstitutional takings, and violations of Section 303(a)(1) of the Social Security Act. (Doc. 1 at ¶¶ 120-144). Plaintiffs' complaint names four Defendants: the State of Louisiana; Governor John Bel Edwards, in his official capacity as Governor of the State of Louisiana; the Commission; and Secretary Ava Dejoie, in her official capacity as Secretary of the Commission. (*Id.* at ¶¶ 10-13).

On May 8, 2021, Plaintiffs filed the instant Motion, seeking an immediate TRO, without notice, "ordering Defendants to refrain from any further delays" in processing PUA benefits determinations, rectifying incorrect classifications of claims, and paying compensation to claimants. (Doc. 11, p. 2). Plaintiffs further request an immediate order directing Defendants to identify all claims on file with the Commission, for which:

(1) a final benefits determination has not been made;

(2) a claimant has received an adverse determination, but has been prevented from appealing due to any error in the Commission's system of administration;

(3) an overpayment determination has been made by the Commission, at any time since November 1, 2020, on the basis of a claimant's ineligibility for PUA benefits, and;

(4) an overpayment determination has been made since November 1, 2020 on the basis of a claimant's ineligibility for regular unemployment benefits.

Plaintiffs further request, after hearing and due course, issuance of a preliminary and permanent injunction ordering the same relief. (*Id.*).

## II. LAW AND ANALYSIS

### A. Standard

"Injunctive relief is an extraordinary and drastic remedy, and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quoting, *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1974). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Specifically, the movant must show: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not

disserve the public interest." *Holland Am. Ins. Co.*, 777 F.2d at 997 (quoting, *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

Parties requesting a TRO without notice are subjected to additional requirements. Federal Rule of Civil Procedure ("Rule") 65(b) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney ***only if***:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; ***and***
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b) (emphasis added).

### B. Discussion

As an initial matter, the Court cannot conclude on the present showing that Plaintiffs will suffer immediate *and* irreparable injury in the absence of a TRO. *See* FED. R. CIV. P. 65(b). Plaintiffs contend that the financial harms resulting from Defendants' ongoing failure to timely process and pay PUA benefits are "self-evident." (Doc. 11-1 at ¶ 103). As one example, Plaintiff Frederick Bass alleges that when his PUA benefits were incorrectly withheld, he was unable to pay his living expenses and experienced homelessness for a brief period of time. (Doc. 11-1 at ¶ 56). Similarly, Plaintiffs Brooke Plaisance, Amanda Coleman, Stephen Strick, and William Grieshaber each allege that they have "suffered economic distress" due to Defendants failures to quickly and accurately process their PUA benefits.  (*See id.* at ¶¶ 42, 70, 81, 93).

Certainly, the Court is sympathetic to Plaintiffs' claims.   Still, however,

4

financial harms such as those alleged here are generally not irreparable because they can be addressed by monetary damages. *See Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) ("In general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages."). Plaintiffs allege ongoing "economic distress," but have not set forth specific evidence establishing that monetary damages are inadequate, or that an immediate injunction is necessary to forestall additional harms that may occur before Defendants are provided the opportunity to respond to Plaintiffs' claims.[1]

Additionally, the Court cannot conclude on the present showing that Plaintiffs are bound to succeed on the merits of their claims, at least in this forum. Notably, Plaintiffs seek relief from the State of Louisiana and the Commission, thus implicating two interrelated jurisdictional issues—Eleventh Amendment sovereign immunity and what entities constitute suable "persons" under § 1983—which may affect the Court's ability to adjudicate the merits of this dispute.[2]

Finally, more is required of Plaintiffs in order to show that the public interest favors immediate injunctive relief. The injunction Plaintiffs seek would, in effect, require Defendants to take positive action to process PUA benefits and make payments faster, thus going "well beyond simply maintaining the *status quo pendente*

---

[1] Even Mr. Bass alleges that he was only "homeless for a time," indicating that this particular exigency allegedly created by Defendant's failure to pay his PUA benefits has passed. (Doc. 11-1 at ¶ 56).

[2] In particular, the State of Louisiana has not waived its Eleventh Amendment sovereign immunity regarding suits in federal courts, *see* La. R.S. § 13:5106(A), and has already filed a Motion to Dismiss Plaintiffs' claims on this basis. (Doc. 8).

*lite.*" *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976). Such relief "is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Id.* Further, "[i]ntrusion of federal courts into state agencies should extend no further than necessary to protect the federal rights of the parties." *Professional Ass'n of College Educators v. El Paso County Community College District*, 730 F.2d 258, 273 (5th Cir. 1984). The Court concludes that additional briefing, evidence, and argument is required to ensure that the "intrusion" Plaintiffs seek here is not overbroad. *Id.*

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' request for a temporary restraining order is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants shall file their response(s), if any, to Plaintiffs' request for a preliminary injunction no later than Friday, March 26, 2021.

**IT IS FURTHER ORDERED** that an evidentiary hearing on Plaintiffs' request for a preliminary injunction shall occur on Tuesday, April 6, 2021 at 1:30 p.m. in Courtroom 2.

Baton Rouge, Louisiana, this 16th day of March, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**