UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BROOK PLAISANCE, ET AL.** | **CIV. ACTION NO. 3:21-CV-00121** |
| **VERSUS** | **JUDGE BRIAN A. JACKSON** |
| **STATE OF LOUISIANA, ET AL.** | **MAG. JUDGE ERIN WILDER-DOOMES** |

### GOVERNOR JOHN BEL EDWARDS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12

NOW INTO COURT comes Defendant, **John Bel Edwards**, Governor of the State of Louisiana, who respectfully submits this Motion to Dismiss all claims by Plaintiffs, Brook Plaisance, Frederick Bass, Amanda Coleman, Stephen Strick, and William Greishaber made against the Governor in Plaintiffs' Original Complaint filed on February 25, 2021.

### Fed. R. Civ. P. 12(b)(1)

1.

A case will be dismissed under Fed. R. Civ. P. 12(b)(1) if the Court lacks authority to hear and decide the dispute.[1]

2.

This Court lacks subject matter jurisdiction to adjudicate Plaintiffs' claims against Governor John Bel Edwards as party defendant because the Governor, in his official capacity as an officer of the State of Louisiana, enjoys immunity from Plaintiffs' claims.

---

[1] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 203 U.S. 283, 58 S.Ct. 586 (1938).

1

3.

The Eleventh Amendment to the United States Constitution states that:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

4.

The Eleventh Amendment's prohibitions extend to suits against the State by the State's own citizens.[2]

5.

The State of Louisiana has not waived its sovereign immunity, nor has Congress waived the State's sovereign immunity for Plaintiffs' claims herein, which they bring pursuant to 42U.S.C. § 1983.[3]

6.

The principle of sovereign immunity embodied in the Eleventh Amendment bars Plaintiffs from asserting claims for money damages against the Governor in his official capacity.[4]

7.

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such it is no different from a suit against the State itself."[5]

---

[2] *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).
[3] La. R.S. 13:5106(A); *Quern v. Jordan*, 440 U.S. 332; 99 S.Ct. 1139, 1141 (1979).
[4] *See Chrissy F. v. Miss. Dep't of Pub. Welfare,* 925 F. 2d 844, 849 (5th Cir. 1991); *see also In re Abbott*, 956 F.3d 696, 709 (5th Cir.2020), *cert. granted, judgment vacated on other grounds sub nom. Planned Parenthood* v. Abbott, 20-305, 2021 WL 231539 (U.S. Jan. 25, 2021); *Lighthouse Fellowship Church v. Northam*, No. 2:20CV204, 2020 WL 2614626, at *3 (E.D. Va. May 21, 2020).
[5] *Morris v. Livingston*, 739 F. 3d 740, 745-46 (5th Cir. 2014), *citing Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S. Ct. 2304, L.Ed.2d 45 (1989); *see also Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 n.3 (5th Cir.2011).

8.

Governor Edwards has no special relation, no sufficient "connection to the enforcement," nor duty with regard to the conduct from which Plaintiffs are seeking relief.[6]

9.

Plaintiffs cannot demonstrate that their alleged injury is "fairly traceable" to the Governor, nor that their alleged injury will "likely be redressed" by an order against him.[7]

### Fed. R. Civ. P. 12(b)(6)

10.

Notwithstanding the Court's lack of subject matter jurisdiction over Plaintiffs' claims against Governor Edwards, Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

11.

Rule 8 of the Federal Rules of Civil Procedure requires that Plaintiffs' claims present a "short and plain statement" of the Court's jurisdiction and "of the claim showing that the pleader is entitled to relief."

12.

Plaintiffs bring their claims against Defendants pursuant to 42 U.S.C. § 1983, which applies only to claims against a "person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

---

[6] *See City of Austin v. Paxton,* 943 F.3d 993, 999 (5th Cir.2019)*, cert. denied sub nom. City of Austin, Texas v. Paxton,* 19-1441, 2021 WL 78079 (U.S. Jan. 11, 2021).
[7] *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560, 561 (1992).

13.

It is well-settled that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71; 109 S.Ct. 2304, 2309, 2312 (1989).

14.

Plaintiffs have filed suit against the Governor solely in his official capacity.

15.

Because the Governor is not a "person" within the meaning of § 1983, Plaintiffs' Complaint fails to state a claim for relief against the Governor and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

16.

Plaintiffs cannot demonstrate that their alleged injury is "fairly traceable" to the Governor, nor that their alleged injury will "likely be redressed" by an order against him.[8]

17.

Plaintiffs' Complaint also fails to specifically allege any conduct of the Governor which would have led to or caused their alleged harms, nor does it allege that the Governor specifically had any duty or special connection in relation to the harms which Plaintiffs allege.

**WHEREFORE,** Defendant, Governor John Bel Edwards, prays that this Motion be GRANTED and that Plaintiffs' claims against the Governor be dismissed: (1) for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); and/or (2) for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

---

[8] *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560, 561 (1992).

Respectfully submitted,

*s/ John C. Walsh*

**MATTHEW F. BLOCK** (Bar Roll # 25577)
**JOHN C. WALSH** (Bar Roll # 38930)
Office of the Governor
Post Office Box 94004
Baton Rouge, LA 70804-9004
(225) 342-7015
(225) 208-1524 (fax)
matthew.block@la.gov
john.walsh@la.gov

*/s/Rachel P. Dunaway*
Rachel P. Dunaway (Bar No. 37104)
Assistant Attorney General
**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 North Third Street, 4th Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone:    225-326-6300
Facsimile:    225-326-6495
E-mail:        dunawayr@ag.louisiana.gov

***Attorneys for JOHN BEL EDWARDS, in his official capacity as Governor of the State of Louisiana***

## CERTIFICATE OF SERVICE

I hereby certify that, on March 25, 2021, I electronically filed the forgoing with the Clerk of Court by using the CM/EMF system, which will send a notice of electronic filing to all counsel of record.

*s/ John C. Walsh*

**JOHN C. WALSH**

5