UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BROOK PLAISANCE, ET AL. | CIV. ACTION NO. 3:21-CV-00121 |
| VERSUS | JUDGE BRIAN A. JACKSON |
| STATE OF LOUISIANA, ET AL. | MAG. JUDGE ERIN WILDER-DOOMES |

GOVERNOR JOHN BEL EDWARDS' MEMORANDUM IN SUPPORT
OF HIS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12

**MAY IT PLEASE THE COURT:**

Defendant, Governor John Bel Edwards, respectfully submits this Memorandum in Support of his Motion to Dismiss Pursuant to Fed. R. Civ. P. 12. As discussed below, Plaintiffs' claims against Governor Edwards must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the Court lacks subject matter jurisdiction over Plaintiffs' claims against the Governor based on the State of Louisiana's sovereign immunity preserved by the Eleventh Amendment to the United States Constitution, as well as the fact that the Governor lacks any sufficient connection to the wrongful conduct alleged in Plaintiffs' complaint. Furthermore, Plaintiffs' claims against the Governor should be dismissed under Fed. R. Civ. P. 12(b)(6) because the allegations of the Complaint fail to disclose a cause of action against the Governor.

**BACKGROUND AND SUMMARY OF ARGUMENT**

Plaintiffs assert claims against the Governor and various other defendants, arising from the alleged failure to timely pay and/or determine eligibility for Plaintiffs' claims for unemployment benefits under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. Plaintiffs invoke the Court's jurisdiction under 28 U.S.C. § 1331 and bring claims against Defendants under 42 U.S.C. § 1983, asserting theories of liability under the Due Process clause of the Fourteenth

Amendment, the Takings Clause of the Fifth Amendment, and Section 303(a)(1) of the Social Security Act.

Plaintiffs' claims against Governor John Bel Edwards must be dismissed for lack of subject matter jurisdiction. It is well-settled that the Eleventh Amendment to the United States Constitution preserves states' sovereign immunity from suits in federal court.[1] The State of Louisiana has not waived sovereign immunity.[2] It is also well-settled that Congress, in passing 42 U.S.C. § 1983, did not waive states' sovereign immunity.[3] "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself."[4] Further, the principle of sovereign immunity embodied in the Eleventh Amendment bars Plaintiffs from asserting claims for money damages against the Governor in his official capacity.[5] While the Governor has a general duty to uphold the laws of the state in his capacity as chief executive officer of the State of Louisiana, he has no specific connection to the facts alleged in Plaintiffs' petition. Governor Edwards has no special relation, no sufficient "connection to the enforcement," nor duty with regard to the conduct from which Plaintiffs are seeking relief.[6] Thus, Plaintiffs cannot demonstrate that their alleged injury is "fairly traceable" to the Governor, nor that their alleged injury will "likely be addressed" by an order against him.[7]

---

[1] *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).
[2] La. R.S. 13:5106(A).
[3] *Quern v. Jordan*, 440 U.S. 332; 99 S.Ct. 1139, 1141 (1979).
[4] *Morris v. Livingston*, 739 F. 3d 740, 745-46 (5th Cir. 2014), *citing Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S. Ct. 2304, L.Ed.2d 45 (1989); *see also Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 n.3 (5th Cir.2011).
[5] *See Chrissy F. v. Miss. Dep't of Pub. Welfare,* 925 F. 2d 844, 849 (5th Cir. 1991); *see also In re Abbott*, 956 F.3d 696, 709 (5th Cir.2020), *cert. granted, judgment vacated on other grounds sub nom. Planned Parenthood* v. Abbott, 20-305, 2021 WL 231539 (U.S. Jan. 25, 2021); *Lighthouse Fellowship Church v. Northam*, No. 2:20CV204, 2020 WL 2614626, at *3 (E.D. Va. May 21, 2020).
[6] *See City of Austin v. Paxton,* 943 F.3d 993, 999 (5th Cir.2019)*, cert. denied sub nom. City of Austin, Texas v. Paxton,* 19-1441, 2021 WL 78079 (U.S. Jan. 11, 2021).
[7] *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560, 561 (1992).

Even if the Court had subject matter jurisdiction, Plaintiffs' Complaint nevertheless fails to state a claim for relief against the Governor. Plaintiffs' Complaint is against the Governor solely in his official capacity. 42 U.S.C. § 1983 applies only to claims against "persons," and the Governor, in his official capacity, is not a "person" for purposes of Section 1983.[8] Further, the Complaint makes only the most general of accusations against the Governor, without any specific conduct alleged. These allegations are conclusory, at best, and they fail to tie any of the Governor's conduct to Plaintiffs' purported injuries. Accordingly, the Complaint fails to state a claim under which this Court may grant relief against the Governor.

**ANALYSIS**

**I.     The Court Lacks Subject Matter Jurisdiction over Plaintiffs' Claims Against the Governor.**

   **a.     Legal Standards Applicable to Rule 12(b)(1) Motions.**

In deciding the motion to dismiss, the function of the district court is to test the legal sufficiency of the complaint.[9] Rule 12(b)(1) of the Federal Rules of Civil Procedure governs challenges to a court's subject matter jurisdiction.[10] A Rule 12(b)(1) challenge to subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*.[11] The burden lies with the party invoking the court's jurisdiction.[12] A case will be dismissed under Fed. R. Civ. P. 12(b)(1) if the court lacks the statutory authority to hear and decide the dispute, *i.e.*, there is no federal question at issue, the parties are not completely diverse,[13] or the amount in controversy

---

[8] *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71; 109 S.Ct. 2304, 2309, 2312 (1989).
[9] *City of Toledo v. Beazer Materials and Services, Inc.*, 833 F.Supp. 646, at 651 (N.D.Ohio 1993).
[10] *Fox, et al. v. Reed, et al.*, 2000 WL 288379 at *2 (E.D.La. 2000).
[11] *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir.1988); *see also Great Prize, S.A. v. Mariner Shipping Party, Ltd.*, 967 F.2d 167, 159 n. 4 (5th Cir.1992), *Trust Company Bank v. U.S. Gypsum Co.*, 950 F.2d 1144, 1146 (5th Cir.1992), and *Patterson v. Hamrick*, 885 F.Supp. 145, 147 (E.D.La. 1995).
[12] *Thomson v. Gaskill*, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942).
[13] *City of Indianapolis v. Chase Nat'l Band*, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941).

does not exceed $75,000.00.[14] The district court may dismiss an action for lack of subject matter jurisdiction by reference to any one of the following: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[15]

In federal question cases, the Plaintiff must demonstrate a non-frivolous claim based on federal law.[16] Substantively, the pleader may aver jurisdiction, but the actual facts may contradict that averment and show that jurisdiction is absent and that the case must be dismissed.[17] In evaluating whether subject matter jurisdiction exists, the court accepts all uncontroverted factual allegations as true.[18] The court views the allegations as a whole, and if a conclusory averment of subject matter jurisdiction is negated by other allegations in the pleading, the case may be dismissed.[19]

Fed. R. Civ. P. (12)(b)(1) is the proper procedural mechanism to seek a summary dismissal of a claim where the Eleventh Amendment to the United States Constitution affords immunity.[20] In this motion, the Defendant raises issues about Plaintiffs' Complaint which are fatal to their suit. Accordingly, this Honorable Court must examine whether the Plaintiffs have sufficiently alleged a basis for subject matter jurisdiction, taking all of the allegations in the Complaint as true.[21]

---

[14] *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).
[15] *See Home Builders Association of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998), quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir.1996); *see also* Fox, at *2, referencing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981).
[16] *Neitzke*, 490 U.S. at 327 n.6, 109 S.Ct. at 1832.
[17] *Gibbs v. Buck*, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939) and *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir.1990).
[18] *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).
[19] *Gibbs*, *supra*.
[20] *Rodriguez v. Board of Trustees for State Colleges and Universities*, 1983 WL 484909, n. 3 (E.D.La.1983).
[21] *Fox*, at *2, referencing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 510 (5th Cir.1980) (citing *Mortensen v. First Federal Savings & Loan*, 549 F.2d 884, 891 (3rd Cir.1977)).

### b.        The Governor is Immune to Suit in his Official Capacity

As previously discussed, a Rule 12(b)(1) challenge to subject matter jurisdiction may be raised at any time, by any party or by the court.[22] A case will be dismissed under Fed. R. Civ. P. 12(b)(1) if the court lacks the statutory authority to hear and decide the dispute.[23] The Defendant respectfully states that, accepting all factual allegations made by the Plaintiffs as true, this Court lacks subject matter jurisdiction to hear and decide Plaintiffs' claims.

The concept of sovereign immunity, as enshrined by the Eleventh Amendment to the United States Constitution, "is the privilege of the sovereign not to be sued without its consent." *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247,253; 131 S.Ct. 1632, 1637; 179 L.Ed.2d 675 (201 1). Specifically, the Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Eleventh Amendment's prohibitions on suits against States extend to claims made by a citizen against its own state. See, e.g., *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

Plaintiffs' Complaint names the Governor as a defendant solely in his official capacity. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself."[24] Thus, the Eleventh Amendment applies to the claims herein, which are asserted by current and former Louisiana citizens against the Governor of Louisiana in his official capacity. The Supreme Court has recognized that sovereign immunity also prohibits suits against state officials

---

[22] *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988).
[23] *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586 (1938).
[24] *Morris v. Livingston*, 739 F. 3d 740, 745-46 (5th Cir. 2014), *citing Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S. Ct. 2304, L.Ed.2d 45 (1989); *see also Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 n.3 (5th Cir.2011).

or agencies that are effectively suits against a state.[25]

Further, Governor Edwards has no special relation, no sufficient "connection to the enforcement," nor duty with regard to the conduct from which Plaintiffs are seeking relief.[26] And Plaintiffs cannot demonstrate that their alleged injury is "fairly traceable" to the Governor, nor that their alleged injury will "likely be redressed" by an order against him.[27] Thus, the Governor has no role to play in the instant litigation.

## II.  Plaintiffs Fail to State a Claim for Relief Against the Governor

Notwithstanding the fact that the Court lacks subject matter jurisdiction over Plaintiffs' claims against the State of Louisiana, Plaintiffs' allegations fail to state a claim for relief under 42 U.S.C. § 1983 against the Governor.

### A.  Legal Standards Applicable to Motions Under Rule 12(b)(6)

As discussed in Part I(A), *supra*, which the Governor incorporates herein by reference, the Federal Rules of Civil Procedure and Supreme Court jurisprudence require that Plaintiffs plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Pleading conclusory facts and/or allegations amounting to little more than mere speculation are insufficient. *See United States ex rel. Willard v. Humana Health Plan of Texas, Inc*., 336 F.3d 375, 379 (5th Cir. 2003) (quoting *Taylor v. Books A Million*, 296 F.3d 376, 378 (5th Cir. 2002).) Where, as here, the Complaint fails to plead a claim for relief against a Defendant, the Plaintiffs' claims fail to state a claim for relief and should be dismissed pursuant to Fed. R. Civ. P. l 2(b)(6).

---

[25] *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir.2019), *cert. denied sub nom. City of Austin, Texas v. Paxton*, 19-1441, 2021 WL 78079 (U.S. Jan. 11, 2021), *citing Edelman v. Jordan,* 415 U.S. 651, 663-69, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).
[26] *See City of Austin v. Paxton,* 943 F.3d 993, 999 (5th Cir.2019)*, cert. denied sub nom. City of Austin, Texas v. Paxton,* 19-1441, 2021 WL 78079 (U.S. Jan. 11, 2021).
[27] *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560, 561 (1992).

### B.     The Complaint Fails to State a Claim for Relief Directly Against the Governor

Plaintiffs assert their claims against the Governor pursuant to 42 U.S.C. § 1983, which applies only to a "**person** who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." (emphasis added). The Fifth Circuit has recognized that, to state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a **person** acting under color of state law." *Randolph v. Cervantes*, 130 F.3d 727, 730 (5th Cir.1997) (emphasis added). It is well-settled that "neither a State **nor its officials acting in their official capacities** are 'persons' under § 1983." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71; 109 S.Ct. 2304, 2309, 2312 (1989) (emphasis added). Plaintiffs have named the Governor here as a defendant solely in his official capacity. Plaintiffs' Complaint therefore fails to state a claim for relief against the State under Section 1983 because the Governor, in his official capacity, is not a "person" and therefore cannot be held liable under the statute.

Plaintiffs' claims against the Governor are conclusory and they generally allege that he, as the chief executive officer of the state, had a duty to oversee the Louisiana Workforce Commission. The Commission and its Secretary are the state body and officer statutorily charged with responsibility and oversight of the particular conduct which Plaintiffs seek to influence in this litigation. The Governor's role is an indirect one, in appointing and conferring with a member of his cabinet. The Plaintiffs merely allege that the Governor violated a nebulous general duty provided by his oath of office that he see that the laws of the State are faithfully executed. Such a

7

generalized claim does not provide the operative nexus necessary for a state officer to be subject to suit, nor does it provide a set of specific allegations against the Governor in his official capacity.

**CONCLUSION**

This Court lacks subject matter jurisdiction over Plaintiffs' claims against John Bel Edwards, the Governor of Louisiana in his official capacity, because the Eleventh Amendment grants the State sovereign immunity from citizen suits in federal court, and a suit against the Governor in his official capacity is essentially a case against the state itself. Further, Governor Edwards is not properly a party to this lawsuit as he has no statutory special duty nor enforcement role with regard to unemployment compensation. The Governor therefore respectfully asks that this Court grant his 12(b)(1) Motion to Dismiss, and that Plaintiffs' claims against the Governor be dismissed. Plaintiffs' claims also fail to state a claim for relief because the Governor, in his official capacity, is not a "person" within the meaning of 42 U.S.C. § 1983 and the Complaint also fails to allege specific facts showing that the Governor directly deprived Plaintiffs of any rights. Plaintiffs' claims against the Governor must therefore also be dismissed on that basis.

Respectfully submitted,

*s/ John C. Walsh*

**MATTHEW F. BLOCK** (Bar Roll # 25577)
**JOHN C. WALSH** (Bar Roll # 38930)
Office of the Governor
Post Office Box 94004
Baton Rouge, LA 70804-9004
(225) 342-7015
(225) 208-1524 (fax)
matthew.block@la.gov
john.walsh@la.gov

/s/Rachel P. Dunaway
Rachel P. Dunaway (Bar No. 37104)
Assistant Attorney General
**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 North Third Street, 4th Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone:     225-326-6300
Facsimile:     225-326-6495
E-mail:        dunawayr@ag.louisiana.gov

*Attorneys for JOHN BEL EDWARDS, in his official capacity as Governor of the State of Louisiana*

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 25, 2021, I electronically filed the forgoing with the Clerk of Court by using the CM/EMF system, which will send a notice of electronic filing to all counsel of record.

*s/ John C. Walsh*

**JOHN C. WALSH**