UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BROOK PLAISANCE, ET AL.** | **CIV. ACTION NO. 3:21-CV-00121** |
| **VERSUS** | **JUDGE BRIAN A. JACKSON** |
| **STATE OF LOUISIANA, ET AL.** | **MAG. JUDGE ERIN WILDER-DOOMES** |

**THE STATE OF LOUISIANA'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

**MAY IT PLEASE THE COURT:**

Now into Court comes Defendant, the State of Louisiana ("State"), which, pursuant to the Court's March 16, 2021 Order,[1] respectfully submits this Opposition to Plaintiffs' Motion for Preliminary Injunction (Rec. Doc. 11).

**SUMMARY OF ARGUMENT**

At the outset, the State observes that it is unclear whether Plaintiffs seek injunctive relief against the State, itself. Plaintiffs' Complaint alleges that they sued the State because they believe the State is "a proper Defendant in an action for **damages** pursuant to 42 United States Code Section 1983."[2] Nevertheless, because Plaintiffs direct their Motion for injunctive relief in "shotgun" fashion against all "Defendants,"[3] the State submits this opposition thereto in abundance of caution.

---

[1] Rec. Doc. 13.
[2] Rec. Doc. 1 at p. 5, ¶ 13.
[3] *Farmco, Inc. v. Gautreaux*, No. 12-CV-00457-BAJ-RLB, 2014 WL 1327983, at *1 (M.D. La. Mar. 31, 2014), FN 3; *Satterfeal v. LoanCare, LLC*, No. CV 18-1021-JWD-EWD, 2019 WL 2857993, at *2 (M.D. La. July 2, 2019); *Williams v. Am. Com. Lines, Inc.,* No. CV 20-139-SDD-EWD, 2020 WL 4574515, at *1 (M.D. La. July 23, 2020), report and recommendation adopted, No. CV 20-139-SDD-EWD, 2020 WL 4572338 (M.D. La. Aug. 7, 2020), FN 25.

1

Plaintiffs have not met their exceptionally high burden of meeting all four prerequisites for issuing a preliminary injunction against the State. More specifically, Plaintiffs cannot show a likelihood of success on the merits of their claims against the State because the Court lacks jurisdiction over Plaintiffs' claims. As detailed in the State's pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12, the Eleventh Amendment preserves States' sovereign immunity from suits by citizens in federal court,[4] and Louisiana has further-preserved its sovereign immunity by statute. La. R.S. 13:5106(A). This Court therefore lacks subject matter jurisdiction over Plaintiffs' claims, and Plaintiffs cannot meet their burden of proving a likelihood of success on the merits of their claims against the State. The State respectfully asks the Court to deny Plaintiffs' Motion for Preliminary Injunction to the extent such Motion seeks relief directly from the State of Louisiana as Defendant.

## I. Legal Standards Applicable to Preliminary Injunctions

As recognized in the Court's recent Order denying Plaintiffs' request for a Temporary Restraining Order, injunctions are "an extraordinary and drastic remedy, and should only be granted when the movant has clearly carried the burden of persuasion."[5] The requesting party "must show: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest."[6] If Plaintiffs fail to carry their burden with respect to any of these "necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction." *Roberts v. Vannoy*,

---

[4] Rec. Doc. 8.
[5] Rec. Doc. 13 at p. 3 (citing *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009).
[6] *Id.* at pp. 3–4. (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1974)).

No. 16-CV-600, 2017 WL 2256962 at *2 (citing *Roho, Inc. v. Marquis*, 902 F.2d 356, 361 (5th Cir. 1990)).

A preliminary injunction should be used "to preserve the status quo during litigation to determine the merits of the case for permanent injunction." *Hollon v. Mathis Indep. Sch. Dist.*, 491 F.2d 92, 93 (5th Cir. 1974). Indeed, granting a "preliminary injunction is to be treated as the exception rather than the rule." *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). This is especially true when a preliminary injunction is sought against the State because "[c]onsiderations of federalism weigh heavily against interference by federal courts through the issuance of temporary restraining orders or preliminary injunctions against state agencies." *Roberts*, 2017 WL 2256962 at *4. In this case, where Plaintiffs have not met their burden of proving entitlement to a preliminary injunction, the Court should deny Plaintiffs' requested relief.

II. **Plaintiffs cannot prevail on their claims against the State because the Court lacks subject matter jurisdiction over Plaintiffs' Claims.**

As discussed in the State's pending Motion to Dismiss, the State enjoys sovereign immunity from suits in federal court.[7] Sovereign immunity is "is the privilege of the sovereign not to be sued without its consent." *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253; 131 S.Ct. 1632, 1637; 179 L.Ed.2d 675 (2011). The Eleventh Amendment to the United States Constitution preserves states' sovereign immunity:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Eleventh Amendment also prohibits suits by a State's own citizens in federal court. *See, e.g., Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Plaintiffs are current and former

---

[7] Rec. Doc. 8-1, Memorandum in Support of the State's Motion to Dismiss, at Part. I, pp. 3–6.

Louisiana citizens, and therefore the Eleventh Amendment prevents Plaintiffs from pursuing their claims directly against the State in this forum unless the State has waived its sovereign immunity or Congress has abrogated such immunity. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58; 109 S.Ct. 2304, 2309; 105 L.Ed.2d 45 (1989).

Louisiana has not waived its sovereign immunity from suit in federal court, and in fact has preserved such immunity via statute. Louisiana Revised Statutes Section 13:5106(A) unequivocally states: "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." This Court and others have concluded that the State of Louisiana has not waived its sovereign immunity from suits in federal court. *Johnson-Blount v. Bd. of Sup'rs for S. Univ.*, 994 F.Supp.2d 780, 783 (M.D. La.2014) (Although "Louisiana may have waived state sovereign immunity in some cases tried in state court, it has not waived immunity such that it can be sued in federal court. To the contrary, Louisiana explicitly maintains its sovereign immunity by statute."); and, *Citrano v. Allen Correctional Center*, 891 F.Supp. 312, 320 (W.D. La. 1995) ("The State of Louisiana has waived sovereign immunity in tort contract suits but it has not waived its immunity under the Eleventh Amendment from suit in federal court.").

Because the State has not waived sovereign immunity, Plaintiffs may only pursue their claims directly against the State if Congress has abrogated the State's sovereign immunity. Congress has not done so. Plaintiffs bring their claims against the State pursuant to 42 U.S.C. § 1983.[8] The Supreme Court has held that Section "1983 does not abrogate the Eleventh Amendment immunity of the States." *Quern v. Jordan*, 440 U.S. 332; 99 S.Ct. 1139, 1141 (1979); *see also*,

---

[8] Rec. Doc. 1, Complaint, at ¶ 2 ("Jurisdiction is invoked under 42 U.S.C. section 1983") and ¶ 13 ("Defendant State of Louisiana is sued as a proper Defendant in an action for damages pursuant to 42 United States Code Section 1983").

4

*Lewis v. Univ. of Texas Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (dismissing claims under 42 U.S.C. § 1983 and observing that Congress has not "expressly waived sovereign immunity for § 1983 suits."). Although "Section 1983 provides a federal forum to remedy many deprivations of civil liberties . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will*, 491 U.S. at 67, 109 S. Ct. at 2309.

Because Louisiana enjoys sovereign immunity from Plaintiffs' claims against it in federal court, Plaintiffs cannot carry their burden of proving they are likely to succeed on the merits of their claims. Therefore, Plaintiffs' request for preliminary injunction against the State—to the extent they seek injunctive relief directly from the State—should be denied.

### A. The State is not a "person" within the meaning of Section 1983.

Plaintiffs bring their claims against the State pursuant to 42 U.S.C. § 1983.[9] However, Section 1983 creates a cause of action against "persons" who have deprived the plaintiff of some right, privilege, or immunity secured by the Constitution and laws of the United States. The State is not a "person" within the meaning of Section 1983. *Washington v. Louisiana*, 425 Fed. Appx. 330, 333 (5th Cir. 2011) ("Under Title 42 §§ 1983 and 1985, claimants have a cause of action for civil rights violations only against 'persons.' **The State** [of Louisiana] and DPSC **are not persons within the meaning of the statutes.**") (citing *Will*, *supra*, 491 U.S. 58, 63–71, 109 S.Ct. 2304). Because the State is not a "person" under Section 1983, Plaintiffs cannot show a likelihood of success on the merits of their claims against the State, and their request for preliminary injunction should also be denied on that basis.

---

[9] Rec. Doc. 1 at p. 5, ¶ 13.

## **CONCLUSION**

The State respectfully asks that the Court deny Plaintiffs' request for Preliminary Injunction against the State. As detailed herein and in the State's pending Rule 12 Motion to Dismiss, this Court lacks subject matter jurisdiction over Plaintiffs' claims.[10] Because Plaintiffs cannot possibly meet their burden of proving a likelihood of success on their claims against the State, Plaintiffs' claims request for preliminary injunction against the State should be denied.

                   Respectfully submitted:

                   JEFF LANDRY,
                   ATTORNEY GENERAL

                   By:
                     */s/ C. Austin Holliday*
                   Angelique Duhon Freel (La. Bar Roll No. 28561)
                   C. Austin Holliday (La. Bar Roll No. 33893)
                   Assistant Attorneys General
                   **Louisiana Department of Justice**
                   1885 North 3rd Street
                   P. O. Box 94005
                   Baton Rouge, Louisiana 70804-9005
                   Telephone: (225) 326-6000
                   Fax: (225) 326-6297
                   Email:   freela@ag.louisiana.gov
                                hollidayca@ag.louisiana.gov

                   **Counsel for Defendant, the State of Louisiana**

---

[10] Rec. Doc. 8.

6

## CERTIFICATE OF SERVICE

**I CERTIFY** I have served the foregoing was filed electronically and served on counsel for the parties by electronic notification by CM/ECF on March 26, 2021.

/s/ *C. Austin Holliday*
C. Austin Holliday