## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BROOK PLAISANCE, FREDRICK BASS, AMANDA COLEMAN, STEPHEN STRICK, AND WILLIAM GRIESHABER** on behalf of themselves and all others similarly situated,<br>*Plaintiffs*<br><br>**VERSUS**<br><br>**STATE OF LOUISIANA WORKFORCE COMMISSION; AVA DEJOIE**, in her official capacity as Secretary of the Louisiana Workforce Commission; and **JOHN BEL EDWARDS**, in his official capacity as chief executive officer of the State of Louisiana,<br>*Defendants* | **CIVIL ACTION NO.: 3:21-CV-121-BAJ-EWD**<br><br><br><br>**JUDGE: BRIAN A. JACKSON**<br><br><br><br>**MAGISTRATE: ERIN WILDER-DOOMES** |

### LOUISIANA WORKFORCE COMMISSION AND AVA DEJOIE'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. R. 12(b)(1) and R. 12(b)(6)

**MAY IT PLEASE THE COURT:**

Defendants, Louisiana Workforce Commission ("LWC") and Ava Dejoie, in her official capacity as Secretary of the Louisiana Workforce Commission (the "Secretary") (collectively referenced herein as "Defendants"), which contest subject matter jurisdiction in this matter, pursuant to the Eleventh Amendment to the United States Constitution, respectfully submit this memorandum in support of their Motion to Dismiss, pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. As set forth more fully herein, this Court lacks subject matter jurisdiction over Defendants based on Eleventh Amendment sovereign immunity, and the allegations of the Complaint fail to state a claim upon which relief can be granted against the Defendants, and, as such, Plaintiffs' claims against the Defendants should be dismissed.

## I. INTRODUCTION

Plaintiffs have filed a lawsuit styled as a class action on behalf of unknown individuals. As noted in Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction, this lawsuit has not been certified as a class, and therefore only the claims of the five named plaintiffs are presently before this Honorable Court. For a full recounting of the relevant facts and history pertaining to Plaintiffs' claims against Defendants, Defendants refer this Court to that Opposition Memorandum **(R. Doc. 20)**.

Essentially, Plaintiffs' allege that Defendants' implementation of certain provisions under the federal CARES Act and subsequent legislation enacted in response to the COVID-19 pandemic, to wit, the Pandemic Emergency Unemployment Compensation (PEUC) and Pandemic Unemployment Assistant provisions (PUA), and the resultant immediate influx of unemployment claims, was inadequate. As discussed extensively in the Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, the enormous volume of claims and benefits processed and paid placed an overwhelming strain on LWC's resources, and called for increased effort, time and workers to process claims, maintain program integrity and combat fraudulent claims (a point of emphasis by the US Department of Labor). Plaintiffs do not actually allege facts to support a finding that Defendants have acted in violation of federal law, and, as such, the aim of this action is not to enjoin ongoing violations of federal law. Though Plaintiffs nominally seek to enjoin Defendants from further delay in the processing of unemployment benefits, in reality they seek compensation for unemployment benefits allegedly due but unpaid **(R. Doc. 1).**

However, Plaintiffs cannot bring such an action against Defendants: the LWC, a state agency and the Secretary, a state official acting in her official capacity, are entitled to sovereign

immunity. As such, and as more fully briefed herein, Defendants are entitled to dismissal pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.  LAW AND ARGUMENT

At the outset, Defendants note that though the instant case has been styled as a class action, the only claims presently before this Court are those of the five named Plaintiffs **(R. Doc. 1); (R. Doc. 11)**. The Fifth Circuit has made it abundantly clear that when considering the issue of jurisdiction on a Rule 12 motion filed prior to class certification, "the only live claims belong to the named plaintiffs." *Carson v. Jackson National Life Insurance Company*, 954 F.3d 240, 250 (5th Cir. 2020) (citations omitted). As set forth more fully below, as to these 5 named Plaintiffs, the claims are based on **past actions** of the Defendants, not their prospective actions; and any injunctive relief under Plaintiffs' theories of liability under 42 U.S.C. § 1983, the Due Process clause of the Fourteenth Amendment, the Taking Clause of the Fifth Amendment, and Section 303(a)(1) of the Social Security Act are not prospective in nature and thus must fail.

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1).

#### 1. Standard on Rule 12(b)(1) Motion To Dismiss.

A claim is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional authority to adjudicate the claim." *Alonso v. Mayeaux*, No. CV 19-00049, 2021 WL 922056, *2 (M.D. La. Mar. 10, 2021) (internal quotation marks and citation omitted). A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard for motions brought pursuant to Rule 12(b)(6): "[t]hat standard seeks to determine whether 'a complaint . . . contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Demeke v. Bd. of Supervisors of Louisiana State Univ. & A&M Coll.*, No. CV 19-00114, 2020 WL 6386872, *3 (M.D. La. Oct. 30, 2020) (citations omitted).

However, unlike a Rule 12(b)(6) motion, where the Court "must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff," the Court may consider evidence in the record beyond the allegations in the complaint when ruling on a Rule 12(b)(1) motion to dismiss. *Id*. at *4. Accordingly, this Court is without the constitutional and/or statutory authority to adjudicate Plaintiffs' claims and they should be dismissed.

### *2. Defendants are entitled to sovereign immunity and must be dismissed.*

The jurisprudence in the Fifth Circuit establishes that the Defendants are entitled to sovereign immunity and therefore, this Court lacks subject matter jurisdiction over claims asserted against them. "Eleventh Amendment sovereign immunity bars private suits against nonconsenting states in federal court." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Louisiana has not consented to lawsuits asserted against it in federal court, and it has specifically maintained its immunity by statute. *See* La. R.S. 13:5106(A) ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."); *See also, Cozzo v. Tangipahoa Parish Counsel–President Gov't,* 279 F.3d 273, 281 (5th Cir.2002).

Moreover, it is well-settled that Eleventh Amendment immunity is not limited to the state as a named party, but also extends to state agencies and "persons acting as official representatives thereof." *Sandres v. Louisiana Workforce Commission,* CIV. A. 09-652-C, 2010 WL 565378, at *3 (M.D. La. Feb. 17, 2010). Courts have repeatedly recognized the Louisiana Workforce Commission's immunity from suit in federal court. *See Id.*; *Price v. Unifab Int'l, Inc.*, CIV. A. 05-1047, 2005 WL 2898236, at *2 (M.D. La. Oct. 31, 2015); *Valdery v. Louisiana Workforce Commission*, CIV. A. 15-01547, 2015 WL 5307390, at *1 (E.D. La. Sept. 15, 2015). In each of these cases, the court granted motions to dismiss in favor of the LWC and/or state officials working

in their official capacity on Eleventh Amendment grounds. Defendants should likewise be dismissed from the above-captioned matter.

### 3. *The Ex Parte Young exception to Eleventh Amendment immunity is not applicable in this case, where plaintiffs seek monetary damages.*

"A suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. As such, it is no different than a suit against the State itself." *Demeke*, 2020 WL 6388672, *4 (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)). The United States Supreme Court carved out a limited exception to Eleventh Amendment immunity as to state officials in *Ex Parte Young*, 209 U.S. 123 (1908). "The *Young* exception is a legal fiction that allows private parties to bring suits for injunctive or declaratory relief against individual state officials acting in violation of federal law." *Paxton*, 943 F.3d at 997 (internal quotation marks and citations omitted).

First, "[i]t is well-settled that the doctrine of *Ex Parte Young* is of no aid to a plaintiff seeking damages from the public treasury." *Stroebel v. Rainwater*, 742 F. Supp. 2d 870, 873 (E.D. La. 2010) (citing cases) (internal quotation marks omitted). Here, Plaintiffs seek an order directing "***payment [by LWC] of compensation due*** to a claimant as of any date more than thirty (30) days prior to the entrance of a temporary injunction." The U.S. Fifth Circuit Court of Appeals has expressly declined to extend the fiction of *Ex Parte Young* to cases such as this, where Plaintiffs seek monetary damages against state officials acting in their official capacities. *Chaney v. Louisiana Work Force Commission*, 560 Fed. Appx. 417 (5th Cir. 2014) (per curiam). In *Chaney, supra.*, similar to plaintiffs here, the plaintiff sought monetary damages for his claims under 42 U.S.C. § 1983 and other federal statutes. 560 Fed. Appx. At 418. The Fifth Circuit affirmed the district court's decision dismissing plaintiff's action for lack of subject matter jurisdiction, holding:

5

> The district court was correct in its ruling that the Eleventh Amendment bars Chaney's claims for monetary damages against Defendants in their official capacities. The Supreme Court has distinguished between personal- and official-capacity suits. In *Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.E.2d. 301 (1991), the Court made clear that a suit against a **state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.**

*Chaney, supra..* at 418.

"Additionally, '[r]elief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant.'" *Stroebel*, 742 F. Supp. 2d at 873 (quoting *Papasan v. Allain*, 478 U.S. 265, 278 (1986)). "This is true if the relief sought is equivalent to an award of damages for past violation of federal law although set forth as something else; thus courts will consider the substance rather than the form of the relief sought in determining whether the *Ex Parte Young* exception applies." *Id.* (citing *Papasan*, 478 U.S. at 278-79).

"It is additionally well-settled that [t]he Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest." *Id.* "To determine the party at interest, the Court must look beyond 'the mere names of the titular parties' and instead look to the 'essential nature and effect of the proceeding.'" *Hall v. Forbes*, No. CV 16-15589, 2017 WL 78493, *3 (E.D. La. Jan. 9, 2017) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 237 1974)). "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Id*. (quoting *State of Hawaii v. Gordon*, 373 U.S. 57, 58 (1963)). "This occurs, for example, 'if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" *Id*. (quoting *Stroebel*, 742 F. Supp. 2d at 873).

6

A court's inquiry into whether a suit is subject to the *Ex Parte Young* exception is appropriate on a motion to dismiss. The inquiry "does not require an analysis of the merits of the claim. Rather, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as ***prospective***." *Paxton*, 943 F.3d at 998 (internal quotation marks and citations omitted) (emphasis added).

In *Hall*, *supra.* a plaintiff alleged that federal funds were improperly withheld by the Louisiana Road Home Small Rental Property Program, administered by the Office of Community Development, a state agency. 2017 WL 78493, at *1. One of the defendants, Patrick Forbes, Executive Director of the Office of Community Development, moved to dismiss the plaintiff's claims pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction as a result of his Eleventh Amendment immunity. *Id.*; *see also Hall*, Civ. A. 16-15589, Rec. Doc. No. 9-1, at p. 5 (Forbes' motion explaining his position as Executive Director). The district court explained that the plaintiff's request for relief—compensation for funds allegedly wrongfully withheld from him in the past—would operate against the State through the Louisiana Recovery Authority, the agency implementing the Road Home Program. *Id.* at *3. The plaintiff's claim, therefore, was barred by Eleventh Amendment immunity and dismissed. *Id*.

Similarly, here, Plaintiffs do not seek prospective injunctive relief from the Secretary. The named Plaintiffs' seek unemployment benefits allegedly wrongfully denied or withheld by the Louisiana Workforce Commission, the state agency tasked with administering the federal unemployment program under the federal CARES Act. That is, they "seek compensation for funds [they allege] were wrongfully withheld from [them] in the past." *Hall*, 2017 WL 78493, at *3. Any judgment rendered in Plaintiffs' favor for the requested relief, therefore, "would operate against the State of Louisiana through the [Louisiana Workforce Commission], i.e., the state

7

agency responsible for implementing and administering the [CARES Act]." *Id*. The claims of these named Plaintiffs do not allege an ongoing violation of federal law as applied to them (the only "live plaintiffs"); nor would the relief sought stop the Secretary or her office from allegedly violating federal law (which Defendants deny). Instead, the judgment sought would *compel* Defendants to act, interfere with the public administration of unemployment benefits, and "expend itself on the public treasury or domain" as it would require Defendants to compensate Plaintiffs for benefits allegedly due in the past. As such, Plaintiffs' claims are barred by Eleventh Amendment immunity and must be dismissed.

### B. Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6)

#### 1. *Standard of Review on Rule 12(b)(6) Motion to Dismiss*

It is well-settled that a plaintiff's complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) if it fails to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (a party must allege facts that "raise a right to relief above the speculative level"). In deciding a Rule 12(b)(6) motion to dismiss, the Supreme Court has instructed that the court must accept only the factual allegations in the complaint as true and is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, the Court should conduct a context-specific analysis that "draw[s] on [the court's] judicial experience and common sense to determine whether the allegations remaining after the legal conclusions are stripped away 'plausibly give rise to an entitlement to relief.'" *Iqbal*, 556 U.S. at 679.

Accordingly, to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, a complaint must satisfy two procedural tenets. First, the complaint must contain sufficient factual matter, meaning that "[t]hreadbare recitals of the elements of a cause of action, supported by mere

8

conclusory statements, do not suffice." *Id*. Second, the factual content, accepted as true, must state a claim to relief that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). Here, as set forth more fully below, even if plaintiffs factual allegations are accepted as true, plaintiffs have failed to state a claim upon which relief can be granted.

### 2. *Plaintiffs cannot assert a claim upon which relief can be granted against Defendants under 42 U.S.C. § 1983.*

In addition to the aforementioned lack of subject matter jurisdiction, any claim asserted against the Defendants under 42 U.S.C. § 1983 fails to state a claim upon which relief can be granted and must be dismissed accordingly. Courts have made it very clear that "Section 1983 only provides a cause of action against a '*person*,' acting under color of state law, who deprives another person of any rights, privileges, or immunities secured by the Constitution and the laws of the United States." *Demeke*, 2020 WL 638672, at *4 (citing 42 U.S.C. § 1983) (emphasis added). It is well-settled that **states and state agencies** are arms of the state of Louisiana and therefore **do not constitute a "person" who can be sued under § 1983** *See, e.g., Adams v. Recovery Sch. Dist. ex rel. Louisiana, Dep't of Educ.*, 463 Fed.Appx. 297, 298 (5th Cir.2012); *Cheramie v. Tucker*, 493 F.2d 586, 587–88 (5th Cir.1974)*.* Courts consider the Louisiana Workforce Commission to be an arm of the state. *Valdery*, *supra.* 2015 WL 5307390, at *2 (E.D. La. Sept. 10, 2015)*(citing Chaney v. La. Workforce Comm'n,* 560 F. App'x 417, 418 (5th Cir.2014)). As such Plaintiffs cannot maintain their claim against the LWC under § 1983. *See Sandres*, 2010 WL 565378, at *2 ("The LWC is a state agency established . . . to administer the unemployment compensation insurance program in Louisiana."); *Demeke*, 2020 WL 6386872, *4 (dismissing the plaintiff's § 1983 claims against the LSU Board of Supervisors, a state agency). These principles apply equally to state officials. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a

9

State nor its officials acting in their official capacities are "persons" under § 1983."). Therefore, Plaintiffs cannot maintain a § 1983 claim against Defendants; i.e. even if their allegations are accepted as true Plaintiffs cannot state a claim upon which relief can be granted since the law does not extend to these Defendants.

### 3. *Plaintiffs' claims under 42 U.S.C. § 1983, the Fourteenth Amendment and the Fifth Amendment are not subject to injunctive relief.*

As the Defendants' argued in their Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction, Plaintiffs cannot credibly argue irreparable harm while also seeking relief in the form of, and allege entitlement to, monetary damages. **(R. Doc. 20 at p.16-17).** Thus, even if Plaintiffs' claims were not barred by the Eleventh Amendment and subject matter jurisdiction was proper, these Plaintiffs' cannot state a plausible claim for injunctive relief. In addition to the general prohibition on awarding injunctive relief when plaintiff seeks monetary damages, the Plaintiffs' allegations do not entitle them to injunctive relief. As explained above, the *Ex Parte Young* exception allows a plaintiff to bring a claim for prospective injunctive relief against the state agency official acting in her official capacity, when that plaintiff alleges an ongoing violation of federal law. There is no ongoing violation of federal law, as related to the five named plaintiffs. That is, Plaintiffs in the instant case do not allege that the Defendants were enforcing or defending a state statute that preempted federal law.

"[*Ex Parte*] *Young* has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past." *Cantu Servs., Inc. v. Roberie*, 535 F. App'x 342, 344-45 (5th Cir. 2013) (finding that the plaintiff failed to allege an *ongoing* violation of federal law) (quoting *Papasan*, 278 U.S. at 277).

10

In *Robertson v. Louisiana*, No. CV 17-00138, 2018 WL 1077303, *3-4 (M.D. La. Feb. 26, 2018), Plaintiffs asserted, amongst other state law claims, a constitutional taking claim arising under the takings clause of the Fifth Amendment, extended to the states by the Fourteenth Amendment. The named plaintiff sought to amend his complaint to add state agency officials and to clarify the relief requested by him and the purported class: "an injunction against [Secretary Wilson and Commissioner Dardenne] to prospectively enjoin them from perpetuating and acting in a way that creates ongoing and repetitive constitutional takings." *Id.* at *1. This Court denied the motion to amend as frivolous, because the amendment would not survive a motion to dismiss. *Id*. at *4. Specifically, this Court found that the State was the real party in interest, as it was unclear what actions by the state officials resulted in a taking; the judgment would compel removal of a portion of Interstate 12, which would expend itself on the public treasury and interfere with public administration; the amendment did not allege an ongoing violation of federal law; and the relief requested was not prospective because it did not seek to enjoin them "from taking any action in the future." *Id*. at *3.  This Court cited *McMurtry v. Holladay*, 11 F.3d. 499, 504 (5th Cir. 1993), which held that "even if the Act amounted to a 'taking' under the Fifth Amendment…the appellants' claim would be barred because under the Eleventh Amendment, a citizen may not sue his own state in federal court." For that same reason, the Court granted the state and state agency's Rule 12 motion to dismiss, noting that the Fifth Circuit has repeatedly rejected Fifth Amendment takings claims on Eleventh Amendment immunity grounds. *Id.* at *4 (citations omitted).

Here too, Plaintiffs' request for an injunction seeks, in effect, to *undo* what Defendants did. "Hence, any such injunction would provide retrospective, not prospective, relief," and, therefore, injunctive relief is not available to Plaintiffs on their claims. *Robertson*, 2018 WL 1077303, at *3.

11

Additionally, the actions of the Defendants alleged by Plaintiffs are not the type of actions that constitute violations of federal law. Rather, Defendants were acting **pursuant** to—not in violation of—federal law. Case law that supports an injunction for violating federal law suggests that such an injunction is generally only available in connection with enforcement of state statutes or local ordinances or policies that attempt to preempt federal law. *See Paxton*, 943 F.3d at 998 (plaintiffs seeking to enjoin enforcement of an allegedly unconstitutional state statute that violated the Federal Housing Choice Voucher Program); *Pechon v. Louisiana State Dep't of Health & Hosps.*, No. CV 08-0664, 2009 WL 10680168, *5 (E.D. La. Jan. 15, 2009) (dismissing the plaintiff's claim because there was "absolutely no indication that the State, DHH, or the named state official, Secretary Alan Levine, attempted to enforce an unconstitutional law or statute."). In the case *sub judice*, the alleged delays in processing claims were under the guidance of the U.S. Department of Labor, not pursuant to some state law or policy seeking to preempt federal law. As such, Plaintiffs have failed to state claims upon which relief can be granted and Defendants' motion to dismiss should be granted as prayed for herein.

### III. CONCLUSION

Plaintiffs have asserted this action requesting, in name only, injunctive relief against Defendants. However, Plaintiffs' federal court action against the Defendants, a state agency and state officer in her official capacity, is barred by the Eleventh Amendment. Moreover, the *Ex Parte Young* exception to sovereign immunity does not apply to the Secretary, as Plaintiffs have not sought prospective injunctive relief. Rather, they seek compensation for benefits past due, and any judgment in their favor would contain the state agency, compel the agency to act, interfere with the agency's administration, and expend itself on the State's treasury in order to issue state funding

to Plaintiffs. As such, this Court lacks subject matter jurisdiction and Plaintiffs cannot maintain this action against Defendants.

        Respectfully Submitted:

        ADAMS AND REESE LLP

        */s/ Kellen J. Mathews*
        William B. Gaudet (#1374)
        Kellen J. Mathews (#31860)
        ADAMS AND REESE LLP
        Hancock Whitney Center
        701 Poydras Street, Suite 4500
        New Orleans, LA 70139
        Telephone: (504) 585-0263
        Fax: (504) 566-0210
        William.Gaudet@arlaw.com
        Kellen.Mathews@arlaw.com

        ***ATTORNEYS FOR STATE OF LOUISIANA WORKFORCE COMMISSION AND AVA DEJOIE***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of April 2021, the foregoing pleading was filed and served via the CM/ECF on all parties.

>*/s/ Kellen J. Mathews*
>Kellen J. Mathews