## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**BROOK PLAISANCE, ET AL.**                          **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**                 **NO. 21-00121-BAJ-EWD**

## ORDER

Before the Court is the **Louisiana Workforce Commission and Ava Dejoie's Motion to Dismiss Pursuant to Fed. R. Civ. 12 (Doc. 28)**.[1] Defendants contend that this Court lacks subject matter jurisdiction over Defendants based on Eleventh Amendment sovereign immunity, and therefore Plaintiffs claims should be dismissed. (Doc. 28-1, p. 1). In the alternative, Defendants assert that Plaintiffs claims should be dismissed because they have failed to state a claim upon which relief can be granted, as neither Secretary Dejoie nor the Louisiana Workforce Commission (the "Commission") are suable persons under 42 U.S.C. § 1983. (*Id.*).

For the foregoing reasons, Defendants' Motion is **DENIED**. Because this Motion is denied, the Motion to Stay Discovery and Hearing on Preliminary Injunction Pending Defendants' Motion to Dismiss (Doc. 39) is **DENIED** as moot. Considering the **Joint Motion to Set Status Conference (Doc. 38)** filed by the parties, a status conference shall be held on Monday, May 24, 2021 at 2:00 p.m. by

---

[1] Defendants' Motion was filed in response to Plaintiffs' original Complaint. *See* (Doc. 1). While Plaintiffs have since filed an amended Complaint, (Doc. 45), the underlying jurisdictional question remains.

telephone.

## I.  BACKGROUND

In March 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020) ("CARES Act") in response to the COVID-19 pandemic. Section 9021 of the CARES Act created a new temporary federal program called Pandemic Unemployment Assistance ("PUA"), which generally provides up to thirty-nine weeks of unemployment benefits to certain individuals who lost work or are unable to work due to a variety of complications stemming from the COVID-19 public health emergency. *See* 15 U.S.C. § 9021. The CARES Act provides that payments to those eligible under this section shall be made "without any waiting period." 15 U.S.C. § 9021(e).

Over the last year, the Commission has experienced well-documented delays in the administration of PUA benefits.[2] On February 25, 2021, Plaintiffs filed a putative class action complaint alleging that they are among those Louisianans whose PUA benefits have been delayed (or not paid at all), and further alleging that these delays have resulted in violations of procedural due process, unconstitutional takings, and violations of Section 303(a)(1) of the Social Security Act. (Doc. 1 at ¶¶ 120–144). Plaintiffs' complaint named the Commission and Secretary Ava Dejoie, in her official capacity as Secretary of the Commission, as Defendants. (*Id.* at ¶¶ 10–13). Plaintiffs have since filed an Amended Complaint on behalf of the

---

[2] *See, e.g.* Scottie Hunter, *The Investigators: LWC Secretary Addresses Delays, Complaints as Agency Tackles Unemployment Claims*, WAFB9, (Jan. 8, 2021), https://www.wafb.com/2021/01/08/investigators-lwc-secretary-addresses-delays-complaints-agency-tackles-unemployment-claims/.

putative class, arguing that it is the custom, policy, pattern, and practice of
Defendants to render eligibility determinations on claims for unemployment benefits
that "provide little or no information about the factual and legal bases for [the
Commission's] decisions impacting eligibility," and as a result deprive claimants of
"notice [and] an opportunity to request an administrative appeal to resolve the denial
or termination of benefit [sic] to which they have been subjected" in violation of the
Due Process Clause of the Fifth and Fourteen Amendments, 42 U.S.C. § 503(a)(1), as
well as Louisiana law through 42 U.S.C. § 1983. (Doc. 45, p. 26–32).

Defendants argue that while the instant lawsuit is "styled as a class action," it
is in fact an improper suit for monetary damages on behalf of a few named
individuals, and therefore is barred by sovereign immunity. (Doc. 28-1, p. 2).
Plaintiffs contend that this is instead a suit for injunctive relief and therefore this
suit is permissible under the *Ex Parte Young* doctrine. *Ex parte Young*, 209 U.S. 123,
159–60 (1908)).

## II.    MOTION TO DISMISS PURSUANT TO RULE 12(B)(1)

### A. Legal Standard

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12
motions, the court should consider the Rule 12(b)(1) jurisdictional attack before
addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161
(5th Cir. 2001), cert. denied, 536 U.S. 960 (2001). Federal courts are courts of limited
jurisdiction; without jurisdiction conferred by statute, they lack the power to
adjudicate claims. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d
281, 286–287 (5th Cir. 2012) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

U.S. 375, 377 (1994)); *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998)). Under Rule 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. *Id.* (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Considering a Rule 12(b)(1) motion to dismiss first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* (citing *Ramming*, 281 F.3d at 161).

There are two categories of motions under Rule 12(b)(1): facial attacks on jurisdiction or factual attacks on jurisdiction. *See, e.g. Paterson v. Weinberger*, 644 F.2d 521, 524 (5th Cir. 1981). A "facial attack" accepts the facts of the complaint as true and tests the sufficiency of those allegations. *Id.* However, a "factual attack" rejects the facts underlying a plaintiff's jurisdictional claim. *Id.* Where a defendant makes a "'factual attack' upon the court's subject matter jurisdiction over the lawsuit . . . a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Id.*

### B. ANALYSIS

The Eleventh Amendment to the Constitution of the United States bars suits in federal court against a state and or its agencies by its own citizens, citizens of other states, or foreign nations. U.S. Const. Amend. XI; *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996); *Cox v. City of Dallas*, 256 F.3d 281, 307 (5th Cir. 2001) (citing *Bd. of Trs. Of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001)). "When a state agency is named the defendant, the Eleventh Amendment bars suits for both money damages

and injunctive relief unless the state has waived its immunity." *Cozzo v. Tangipahoa Parish Council--President Government*, 279 F.3d 273, 281 (5th Cir. 2002). Louisiana has statutorily refused to waive its Eleventh Amendment sovereign immunity against suits in federal courts. *See Id.*; LA. REV. STAT. § 13:5106(A). The Commission is considered to be an arm of the state for the purposes of Eleventh Amendment immunity. *See Chaney v. La. Work Force Comm'n*, 560 Fed. Appx. 417 (5th Cir. 2014) (per curium).

However, under the *Ex Parte Young* doctrine, "a litigant may sue a state official in his official capacity if the suit seeks prospective relief to redress an ongoing violation of federal law." *Williams on Behalf of J.E. v. Reeves*, 954 F.3d 729,735–36 (5th Cir. 2020) (citing *Ex Parte Young*, 209 U.S. at 167–8). This exception, candidly, "rests on a legal fiction, the premise that a state official is not the State for sovereign-immunity purposes when a federal court commands [him or her] to do nothing more than refrain from violating federal law." *Id.* at 168. (citations omitted). For a suit to proceed under this doctrine, it must be a suit seeking declaratory or injunctive relief and: "(1) be brought against state officers who are acting in their official capacities; (2) seek prospective relief to redress ongoing conduct; and (3) allege a violation of federal, not state, law." *Id.* (citing *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015). This is true, even where an injunction may have "an ancillary effect on the state treasury." *Quern v. Jordan*, 440 U.S. 332, 337 (1979).

There is a thin line between permissible prospective, injunctive relief under *Ex Parte Young* and impermissible, retroactive monetary relief in violation of the

Eleventh Amendment. For example, courts may not order state defendants to release and remit benefits that have been wrongfully withheld based on violations of federal law. *See Edelman v. Jordan*, 415 U.S. 651, 666–69 (1974). However, Courts may require state agencies to send notices "inform[ing] class members that their federal suit is at an end, that the federal court can provide them with no further relief, and that there are existing state administrative procedures which they may wish to pursue." *Quern*, 440 U.S. at 349.

Plaintiffs have filed suit against Ava Dejoie in her official capacity and seek prospective relief to redress ongoing violations of federal law. *See* (Doc. 45). Defendants contend that this is not a suit for prospective relief, but rather a suit for monetary damages as part of Plaintiffs' remedy would be payment of past unemployment benefits, which is impermissible under *Ex Parte Young*. (Doc. 28-1, p. 6).

Despite Defendants' argument, Plaintiffs have been clear that they seek "preliminary and permanent injunctions on behalf of the purported class ordering Defendants to . . . provide them with the timely and fair process to which they are entitled when applying for and receiving [unemployment compensation] benefits." (Doc. 44, p. 4). While the eventual remedy may include payment of these benefits, nowhere in Plaintiffs' complaint do they specifically request that the Court order back payment as a remedy. Further, while Defendants assert that Plaintiffs request for a preliminary injunction "seek[s] an order directing 'payment [by LWC] of compensation due'", (Doc. 28-1, p. 5), Plaintiffs in actuality seek an order prohibiting

6

Defendants from "any further delays in payment of compensation due." (Doc. 11-1, p. 32). Defendants characterize Plaintiffs relief as retrospective, when Plaintiffs' requested relief is actually prospective.

In addition, this statement is derived from Plaintiffs' Motion for a temporary restraining order or preliminary injunction. (Doc. 11). While the harm Plaintiffs suffer may be monetary in nature, Plaintiffs' Amended Complaint primarily petitions the Court for prospective injunctive relief, in the form of more detailed notices regarding the bases for the Commission's decisions, advance notice of the termination of benefits, and timelier processing of both benefit payments and appeal hearings going forward. *See* (Doc. 45). To the extent that Plaintiffs seek monetary relief, specifically "compensatory damages consistent with the injuries suffered," such relief is not permissible under *Ex Parte Young*. *See Edelman*, 415 U.S. at 663 ("[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). However, Plaintiffs may receive attorneys' fees and costs if they prevail on their underlying claim for prospective relief. *See Jones v. Tex. Juv. Just. Dept.*, 646 Fed. Appx. 374, 377 n. 15 (5th Cir. 2016).

Therefore, Plaintiffs' suit for prospective, injunctive relief may proceed against Secretary Dejoie. However, *Ex Parte Young* does not permit suits against the state or arms of the state—only against officers. Therefore, the Commission must be dismissed.

### III.    MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

#### A. Legal Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

#### B. Analysis

Defendants argue that Plaintiffs cannot assert a claim upon which relief can be granted against Defendants under 42 U.S.C. § 1983, because neither Secretary

Dejoie nor the Commission are suable "persons" as contemplated by that statute. (Doc. 28-1, p. 9). However, as previously discussed, "[u]nder *Ex Parte Young*, a case can proceed against individual state officials named in their official capacities when the claim is for an ongoing violation of federal law, but the relief sought must be prospective." *Valentine v. Collier*, 993 F.3d 270, 280 (5th Cir. 2021) (citation omitted). In suits like these, "the proper defendant is a state official acting in violation of federal law who has sufficient connection to enforcing an allegedly unconstitutional law." *Id.* (citation omitted).

It is undisputed that a § 1983 claim cannot be maintained against a state agency, meaning that Plaintiffs' claims against the Commission cannot go forward. *See Adams v. Recovery Sch. Dist. Ex rel. La., Dept. of Educ.*, 463 Fed. Appx. 297, 299 n. 7 (5th Cir. 2012). However, Plaintiffs may maintain a § 1983 claim against Dejoie. Dejoie is the Secretary of the Commission, and therefore is tasked with ensuring that the Commission complies with all relevant federal laws and obligations. LA. REV. STAT. ANN. § 23:1664. Plaintiffs seek prospective relief for violations of the Due Process Clause of the Fifth and Fourteen Amendments, 42 U.S.C. § 503(a)(1), as well as Louisiana law. (Doc. 45, p. 26–32). Although Defendants again attempt to characterize Plaintiffs relief as solely retrospective and monetary in nature, as previously noted, Plaintiffs have properly categorized the relief they seek as prospective. Plaintiffs do not seek "to *undo* what Defendants did," but rather seek to prevent violations of their constitutional rights which, they allege on the face of their complaint, are ongoing.

9

Therefore, because Secretary Dejoie is sued only in her official capacity, and only for prospective relief, she may properly be sued under § 1983 because "official capacity actions for prospective relief are not treated as actions against the state." *Valentine*, 993 F.3d at 282. However, as discussed *supra*, other claims for relief are not actionable against her under § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 28) is **GRANTED** in part.

Defendants' Motion to Dismiss Plaintiffs' claims against the Louisiana Workforce Commission is **GRANTED**. Plaintiffs' claims against the Louisiana Workforce Commission are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Defendants' Motion to Dismiss Plaintiffs' claims for compensatory damages are **GRANTED**. Plaintiffs' claims for compensatory damages, excluding any award of costs, or attorneys' fees, are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

In all other respects, Defendants' Motion is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Discovery and Hearing on Preliminary Injunction Pending Defendants' Motion to Dismiss (Doc. 39) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Joint Motion to Set Status Conference (Doc. 38) is **GRANTED**. A telephone status conference shall occur on Monday, May 24, 2021 at 2:00 p.m. Dial-in information shall be circulated prior to conference.

Baton Rouge, Louisiana, this 21st day of May, 2021

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**